## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

TINA SLEDGE                                                                                             PLAINTIFF

v.                                              NO. 4:08CV00614 JLH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                          DEFENDANT

### OPINION AND ORDER

Tina Sledge commenced this action in the Circuit Court of Faulkner County, Arkansas. State Farm Mutual Automobile Insurance Company removed the action to this Court pursuant to 28 U.S.C. § 1441(a). State Farm asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because State Farm is an Illinois corporation with its principal place of business in Illinois, while Tina Sledge is a citizen of the State of Arkansas. Sledge has now moved to remand the case to the Circuit Court of Faulkner County, Arkansas, on the ground that the amount in controversy does not meet the minimum amount for jurisdiction based on diversity of citizenship. State Farm has opposed the motion to remand. For the reasons that will be explained, the Court has concluded that the amount in controversy is less than $75,000, so this Court does not have jurisdiction, and the case must be remanded.

### I.

The amount in controversy is determined by examining "the situation at the time of removal." *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). In reviewing a motion to remand, the Court must resolve all doubts in favor of remand to state court. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The party seeking to invoke federal jurisdiction has the burden of proving that the requisite amount in controversy has been met.

*Hatridge*, 415 F.2d at 814.  When the complaint "alleges no specific amount of damages or an amount under the jurisdictional minimum," the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is met.  *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003); *see also James Neff Kramper Family v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005); *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000); *Haynes v. Louisville Ladder Group, LLC*, 341 F. Supp. 2d 1064, 1066-67 (E.D. Ark. 2004); *Moriconi v. AT&T Wireless PCS, LLC*, 280 F. Supp. 2d 867, 878 (E.D. Ark. 2003); *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996).  The complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount.  *In re Minn. Mut.*, 346 F.3d at 834.

## II.

Sledge alleges in her complaint that she was an insured of State Farm, that she was injured in an automobile accident, that she had first party personal injury protection in the amount of $5,000, that she incurred medical expenses substantially in excess of $5,000 and submitted proof to State Farm, and that State Farm refused to make any payments to her but instead insisted that it would only issue medical payments checks with medical providers listed as payees or, alternatively, to issue them payable only to medical providers.  Sledge seeks $2,304.98 in compensatory damages, punitive damages, attorneys' fees, penalty, interest, and other costs.  She alleges breach of contract, violation of the Deceptive Trade Practices Act, and bad faith.  She also seeks a declaratory judgment on a subrogation claim for reimbursement.  She contends that the amount in controversy is far short of $75,000 and therefore this Court is without jurisdiction.

State Farm responds that Sledge may recover $75,000 if she obtains $2,304.98 in compensatory damages on the breach of contract claim, $276.98 in interest, $2,304.98 in actual damages for violation of the Deceptive Trade Practices Act, $48,869.40 in punitive damages, and attorneys' fees in the amount of $22,000. Although State Farm characterizes the $276.98 figure as interest, it appears to be a calculation of the 12% penalty recoverable under Ark. Code Ann. § 23-89-208. The penalty is included in the calculation of the amount in controversy. *Peacock & Peacock, Inc. v. Stuyvesant Ins. Co.*, 332 F.2d 499, 502 (8th Cir. 1964). "Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).

Sledge denies that she is entitled to recover the same amount of compensatory damages twice, in both the breach of contract and in the deceptive trade practices counts, she denies that punitive damages can rise to the level of $48,869.40 on a claim in which the compensatory damages are $2,304.98, and she denies that attorneys' fees can rise to the level of $22,000 on a claim in which the compensatory damages are $2,304.98.

From a review of the complaint, the Court agrees with Sledge and has concluded that it is unreasonable to think that the amount in controversy in this case exceeds $75,000. The claim for compensatory damages, as noted, is $2,304.98. When the $276.98 for the 12% penalty is added, the total liquidated damage claim comes to $2,581.96, which means that the punitive damage claim and the claim for attorneys' fees together must total at least $72,418.04. It is wholly unreasonable to think that attorneys' fees and punitive damages can rise to $72,418.04 when the total compensatory damage claim is no more than $2,581.96. *Cf. State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425, 123 S. Ct. 1513, 1524, 155 L. Ed. 2d 585 (2003).

Because the amount in controversy is less than $75,000, this Court lacks jurisdiction under 28 U.S.C. § 1332. Therefore, this case must be remanded to the Circuit Court of Faulkner County, Arkansas.

## CONCLUSION

For the reasons stated above, Tina Sledge's motion to remand is GRANTED. Document #6. This action must be remanded to the Circuit Court of Faulkner County, Arkansas.

IT IS SO ORDERED this 18th day of August, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE